Bilo
# 4
PAID

Courtney L. Shall, M.A., LPC, NBCC
*Pro Se*
351 Driskel Road
Loretto, PA 15940
Telephone: (814) 312-2664
Email: courtney.lee.shall@gmail.com

*Plaintiff*

FILED

DEC 29, 2025

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COURTNEY LEE SHALL,

    Plaintiff,

vs.

EBENSBURG CENTER
4501 Admiral Peary Highway,
Ebensburg, PA 15931,

and DENISE SHAFFER

and NICOLE FERREBEE PHILLIPS
individually and in their official capacity.

    Defendants.

Case No. 3:25-CV-571

COMPLAINT

## INTRODUCTION

1. This action is brought by a current employee of the Defendants under Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e, *et seq.* ("Title VII"); 42 U.S.C. § 1983 and the equal protection clause; and state law.

2. Plaintiff seeks all available equitable relief, damages, attorneys' fees, costs, and interest.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(1), 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 1983. This Court's jurisdiction over Plaintiff's state law claims is founded upon 28 U.S.C. § 1367.

4. The venue for this action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because the events giving rise to this action occurred within the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Courtney Lee Shall, is an adult individual currently residing in 351 Driskel Road, Loretto, Cambria County, Pennsylvania, 15940. Shall was an employee of the Ebensburg Center at all times relevant herein.

6. Defendant Ebensburg Center, 4501 Admiral Peary Highway, Ebensburg, Cambria County, Pennsylvania, 15931, is an instrumentality or agency of the Commonwealth of Pennsylvania.

7. Defendant Denise Shaffer is being sued in her individual and official capacities. She is the Director of Clinical Services and a supervisor of Plaintiff Courtney Lee Shall at the Ebensburg Center.

2

8. Defendant Nicole Ferrebee Phillips is being sued in her individual and official capacities. She is the Facilities Director at the Ebensburg Center and a supervisor of Plaintiff Courtney Lee Shall.

BACKGROUND

9. The Plaintiff, Courtney Lee Shall, began working in the Psychology Department at Defendant Ebensburg Center in November of 2013, as a Psychological Services Specialist (PSS).

10. As a PSS, Plaintiff Courtney Lee Shall held a Master's Degree in Community Counseling from the Indiana University of Pennsylvania. At the Ebensburg Center, Plaintiff Courtney Lee Shall's duty involved providing psychological care to patients residing at the Ebensburg Center who were dually diagnosed with an intellectual disability and a mental health disorder and in need of psychological care.

11. Plaintiff Courtney Lee Shall is also a member of the Christian faith whose reading and understanding of Scripture causes her to believe that the COVID-19 Vaccine and screening/testing requirements should not be taken into the human body, as the body is the temple of God. Further, the way in which the vaccine was produced and its entry into the body, as well as, the invasive testing requirements interferes with the sanctity of the body in ways that violate and conflict with the Plaintiff Courtney Lee Shall's firmly held religious convictions.

12. Because of her firmly held religious beliefs, Plaintiff Courtney Lee Shall applied for and was granted a "religious" exemption from the Commonwealth of Pennsylvania's vaccination requirement.

13. Throughout her employment at the Defendant Ebensburg Center, Plaintiff Courtney Lee Shall was an exemplary employee with no history of performance issues.

3

14. In fact, she was recognized as the Employee of the Quarter, October 2018.

15. Again, in February of 2024, Plaintiff Courtney Lee Shall attended a departmental meeting at the Defendant Ebensburg Center with her supervisor Denise Shaffer and colleagues, Laura Blair, Jason Mangold, Lynn Sutton and Stephanie Anderson. At that meeting, Plaintiff Courtney Lee Shall informed her supervisors that she could not participate in COVID-19 testing because of her religious objections.

16. After the February, 2024, meeting, several months passed without incident. Plaintiff Courtney Lee Shall continued to perform her duties without incident and without participating in the weekly COVID 19 testing.

17. Although a Vaccine was not required, the Defendant Ebensburg Center maintained a testing protocol. However, this protocol was not enforced. In fact, other employees failed to take COVID tests as required without comment or sanctions.

THE "HONEST SURVEY"

18. In October 2024, employees at the Ebensburg Center were required to participate in a Survey known as the "Honest Survey".

19. As part of this survey, members of the Psychology Department, including the Plaintiff Courtney Lee Shall, were required to participate in a "non-anonymous survey" covering the topics of safety, job satisfaction and other workplace issues.

20. Plaintiff Courtney Lee Shall requested a meeting rather than completing the survey. She expressed fear of retaliation because of her experiences when attempting to raise issues with management on other occasions.

21. Despite her attempts to avoid participation in the survey, Plaintiff's supervisors, including Defendants Shaffer and Phillips, ordered her to participate in the survey.

4

22. Plaintiff Courtney Lee Shall therefore answered the questions propounded to her as she was required to do.

23. Specifically, Plaintiff Courtney Lee Shall noted that Defendant Ebensburg Center:

   a. Was reckless in accepting highly behavioral admissions with a primary mental health diagnosis and a secondary intellectual disability when the institutions polices and procedures had not been updated to ensure the safety of current residents; and,

   b. Ebensburg Center management, including Defendants Shaffer and Phillips, ignored the recommendations of the psychological staff, including Plaintiff Courtney Lee Shall, who provided recommendations and input intended to protect the older staff residents who were elderly, frail, had much lower IQs that new patients being brought into the institution, and who had very little to no safety awareness or skills.

24. Plaintiff Courtney Lee Shall gave answers that she believed to be accurate and which were accurate. These answers were intended to assist Defendant Ebensburg Center as well as Defendants Shaffer and Phillips to properly manage Ebensburg Center.

DEFENDANTS' ACTIONS AFTER COMPLETION OF SURVEY

25. After completing the survey and submitting it via email, as she had been required to do, Plaintiff received a "Disciplinary Notice" alleging non-compliance with Ebensburg Center's COVID testing requirements.

26. This was the first time any action had been taken against Plaintiff Courtney Lee Shall since she had raised a religious objection to the COVID vaccination, screening, and testing requirements. In fact, in the email requiring her to submit the survey responses, one of her

supervisors told her that she had "... .so much good information to share", or words to that effect.

27. At the same time, other employees of the Ebensburg Center who had not taken tests were not subjected to any discipline or sanction.

28. By contrast, on October 15, 2024, Plaintiff Courtney Lee Shall was called at home and informed of an immediate suspension.

29. This suspension was imposed with no progressive discipline, no warning, and no opportunity for accommodation as required by Ebensburg Center's rules and regulations.

30. During the course of the suspension no Defendant or other employee from the Ebensburg Center reached out or contacted Plaintiff Courtney Lee Shall to explain what she had done wrong or to provide guidance on how to comply with institution regulations in the future.

31. This suspension was an unpaid suspension lasting from October 2024 to February 2025. It is believed, and therefore averred, that the suspension was imposed due to Plaintiff Courtney Lee Shall's religious objection to the COVID vaccine, screening and testing and because of the truthful input she had been required to provide to her employer.

## RETURN TO WORK AND ESCALATION OF RETALIATION

32. Plaintiff Courtney Lee Shall returned to work on or about February 25, 2025 with no restrictions.

33. However, upon returning to work, all Defendants subjected the Plaintiff Courtney Lee Shall to the following acts of retaliation:

    a. She was subjected to arbitrary schedule changes without explanation or cause;

    b. Her case load was altered without explanation or reason;

6

    c. She was placed in isolation in "staff development" for five weeks, even though she had worked at the facility for years. In fact, new hires were required to undergo staff development training for only two weeks for the same position as a PSS;

    d. Defendants altered the job schedules of other PSSs, including new hires, to create animosity toward Plaintiff Courtney Lee Shall. Some of these schedule alterations violated practices at the Ebensburg Center requiring two-weeks written notice before any staff alterations were made;

    e. Human Relations staff began referring the Plaintiff Courtney Lee Shall as "unvaxed", a designation that has no reason;

    f. Defendants Shaffer and Phillips also began referring to Plaintiff Courtney Lee Shall's religion or "religious status" as the reason for the discrimination against her; and,

    g. Plaintiff Courtney Lee Shall was denied the normal resources, opportunities to meet with supervisors, and other opportunities other employees received; and,

    h. Plaintiff Courtney Lee Shall was threatened with bases disciplinary actions and subjected to discipline which it is believed was intended to force her from the Ebensburg Center.

34. Eventually, Plaintiff Courtney Lee Shall was removed from duties she had performed well for years for no reason and with no explanation; in fact, she had been a trainer in some of the duties she was subsequently removed from.

35. The hostile work environment Plaintiff Courtney Lee Shall was subjected to included:

7

    a. When she asked for clarification concerning arbitrary actions imposed on her, supervisors, including Defendants Shaffer and Phillips, would simply say "I'm not going to get into that with you" or similar comments, leaving Plaintiff Courtney Lee Shall without any explanation as to what had happened or why;

    b. Supervisors repeatedly mocked and challenged Plaintiff Courtney Lee Shall's religious status, implying it was not valid or not a reason to provide her with accommodations; and,

    c. Supervisors repeatedly isolated Plaintiff Courney Lee Shall and subjected her to additional scrutiny and monitoring that other similarly situated employees were not subject to.

36. This religious discrimination, retaliation for providing truthful statements in a survey, and hostile work environment continued unabated despite Plaintiff Courtney Lee Shall's attempts to comply with direction. Rather than getting better, her employment situation continued to deteriorate.

37. Between February 24, 2025 and August 11, 2025, she complained about religious discrimination and retaliation to the Human Relations Department but received no reply.

38. Her supervisors, including Defendants Shaffer and Phillips, alleged new "performance issues" even though Plaintiff Courtney Lee Shall had performed her job at the same high level she had always performed her duties.

39. At times, Defendants denied Plaintiff Courtney Lee Shall access to the building where she was required to work.

40. She was required to undergo training she had already completed.

41. She was denied access to schedules, communications, and the resources necessary to allow her to do her job.

SECOND SUSPENSION

42. On August 11, 2025, Plaintiff Courtney Lee Shall was suspended for three days for not complying with a COVID screening in March of 2025.

43. The discipline imposed by Defendants was imposed five months after the alleged violation demonstrating that the reason for the suspension was pretextual and not valid.

44. Due to the constant retaliation, Plaintiff Courtney Lee Shall suffered mental anguish, anxiety, depression, and financial harm.

45. As a result, by October 1, 2025, Plaintiff Courtney Lee Shall was forced to involuntarily retire. This constituted a constructive discharge resulting in financial harm to the Plaintiff.

## COUNT I

### Hostile Workplace and Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Rights Act

### Plaintiff Courtney Lee Shall v. All Defendants

46. Paragraphs 1 through 45 are incorporated herein by reference as if fully restated.

47. Federal Courts have found that an employer violates Title VII when is subjects an employee to a hostile work environment. The elements of a hostile work environment are: 1) unwelcome conduct; 2) based upon the Plaintiff's protected status (in this case religion); 3) which is sufficiently severe or pervasive to alter her conditions of employment and to create an abusive work environment; and 4) which is imputable to an employer.

9

48. In this case, there were multiple instances of unwelcome conduct based upon her religion as set forth above. The actions taken against the Plaintiff Courtney Lee Shall were based upon her religion as outlined above.

49. These actions by Defendants, as outlined above, were sufficiently severe to eventually force the Plaintiff Courtney Lee Shall from her place of employment based upon her religious beliefs. In fact, defendants made frequent adverse comments about her religious beliefs. When Plaintiff Courtney Lee Shall brought these issues to the Human Relations Department her employer, those issues were ignored until finally, she was forced from her position.

50. In fact, for a period of over a year, after 13 years of satisfactory service, she was subjected to repeated, arbitrary abuse often involving comments directed at her religious beliefs. This abuse interfered with all aspects of her life and her employment, eventually forcing her from her position.

51. The abuse Plaintiff Courtney Lee Shall was subjected to was imputable to her employer and to all defendants.

52. As a direct and proximate cause of the Defendants' actions, Plaintiff Courney Lee Shall has suffered and continues to suffer damages.

WHEREFORE, Plaintiff Courtney Lee Shall is entitled to such relief described in 42 U.S.C. 2000e *et. seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981 (a-b), and the Pennsylvania Human Relations Act, 43 P.S. 951 *et. seq.*

## COUNT II

### Constructive Discharge in Violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Rights Act

**Plaintiff Courtney Lee Shall v. All Defendants**

53. Paragraphs 1 through 53 are incorporated herein by reference as if fully restated.

54. Federal Courts have also recognized a constructive discharge cause of action when an employee is forced from their position as a result of a violation of federal law, in this case, repeated and ongoing violations of Title VII and religious discrimination.

55. In this case, there were multiple instances of discrimination taken against the Plaintiff Courtney Lee Shall that were based upon her religion as outlined above.

56. These ongoing, continuous, and severe violations of Title VII made Plaintiff Courtney Lee Shall's employment at Defendant Ebensburg Center unbearable and, ultimately, physically and psychologically impossible.

57. The Plaintiff Courtney Lee Shall did not voluntarily leave her position; she was forced to leave by all Defendants.

58. The abuse Plaintiff Courtney Lee Shall was subjected to was imputable to her employer and to all defendants.

59. As a direct and proximate cause of the Defendants' actions, Plaintiff Courney Lee Shall has suffered and continues to suffer damages.

WHEREFORE, Plaintiff Courtney Lee Shall is entitled to such relief described in 42 U.S.C. 2000e *et. seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981 (a-b), and the Pennsylvania Human Relations Act, 43 P.S. 951 *et. seq.*

### COUNT III

### Violation of Pennsylvania Whistleblower Protection Law, 43 P.S. Labor 1423

### Plaintiff Courtney Lee Shall v. All Defendants

11

60. Paragraphs 1 through 60 are incorporated herein by reference as if fully restated.

61. 43 P.S. 1423 provides that:

> No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

62. Dring her course of employment with Ebensburg Center, an agency of the Commonwealth of Pennsylvania, the Plaintiff, Courtney Lee Shall, made a report to the Commonwealth in the form of a survey she was required to fill out an submit.

63. Her answers to the survey contained information related to violations of state and federal law involving the care and treatment of patients under the care of the Ebensburg Center. Specifically, the Plaintiff Courtney Lee Shall was concerned for the health and safety of patients receiving treatment. The actions of her superiors could have subjected these patients of injury and taken away their safety.

64. The conduct Plaintiff Courtney Lee Shall described in her report would constitute potential violations of Neglect of Care-Dependent Person, 18 Pa.C.S. 2713.

65. The Plaintiff was punished for making this report to the Commonwealth of Pennsylvania in violation of the Pennsylvania Whistleblower Protection Act.

66. The abuse Plaintiff Courtney Lee Shall was subjected to was imputable to her employer and to all defendants.

67. As a direct and proximate cause of the Defendants' actions, Plaintiff Courney Lee Shall has suffered and continues to suffer damages.

12

WHEREFORE, Plaintiff Courtney Lee Shall is entitled to such relief described in 43 P.S. 1423.

## COUNT IV

### Violation of Equal Protection Clause of the Fourteenth Amendment
### 42 U.S.C. § 1983

### Plaintiff Courtney Lee Shall v. All Defendants

68. Paragraphs 1 through 68 are incorporated herein by reference as if fully restated.

69. At all times relevant, Defendants acted under color of state law when committing the acts complained of.

70. The Defendant Ebensburg Center has a custom and practice of failing to ensure a harassment free workplace and failing to take appropriate remedial measures to prevent ongoing harassment, including harassment by Defendants Shaffer and Phillips.

71. The Defendants knew or should have known of Defendants Shaffer and Phillips actions taken against Plaintiff Courtney Lee Shall who had complained to the Human Rights Department at the Ebensburg Center. Despite this knowledge, Defendants failed to take adequate remedial measures, which allowed hostile work environment to continue.

72. Defendants had policymaking authority and exercised that authority in failing to protect Plaintiff Courtney Lee Shall from continued religious discrimination and harassment at the workplace in violation of the equal protection clause of the Fourteenth Amendment.

73. All acts or omissions complained of herein are the result of specific decisions and/or customs and practices of the Defendants. Defendants' conscious and deliberate refusal to protect Plaintiff and others similarly situated violated her right to equal protection.

74. Defendants' conduct violated clearly established constitutional rights of equal protection of which a reasonable person would have known.

75. As a result of the Defendants' actions, Plaintiff has suffered and will continue to suffer losses. Plaintiff is entitled to injunctive relief, pursuant to 42 U.S.C. § 1983, *et seq.*, and compensatory damages as against Defendants Shaffer and Phillips in their individual capacities.

WHEREFORE, the Plaintiff, Courtney Lee Shall demands judgment against the Defendants for compensatory and punitive damages, plus interest, attorneys' fees and the costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Courtney Lee Shall respectfully requests judgment as follows:

A. That this Court award compensatory in the form of loss wages, loss future wages, the value of lost benefits, emotional distress, and all other incidental and consequential damages;

B. That this Court award injunctive and declaratory relief;

C. That this Court award Plaintiff's costs and expenses of this action, including reasonable attorneys' fees and costs, in accordance with law applicable to all causes of action; and,

D. Any other action which this Court deems appropriate.

Plaintiff demands a jury trial on all issues so triable.

Respectfully Submitted,

*/s/ Courtney L. Shall, M.A., LPC, NBCC*
Courtney L. Shall
351 Driskel Road
Loretto, PA 15940
Telephone: (814) 312-2664
Email: courtney.lee.shall@gmail.com

*Plaintiff*

Dated: December 23, 2025